IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLIVIA CROCKER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 07-964 |
| COMBINED INSURANCE COMPANY OF AMERICA, et al., | ) ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION
## and
## ORDER OF COURT

Pending before the Court is a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Combined Insurance Company of America ("Combined"), Aon Corporation ("Aon"), t/d/b/a Combined Insurance Company of America, and Combined Insurance (collectively, "Defendants"). (Docket No. 3). Plaintiff filed a response in opposition thereto. (Docket No. 11). After a careful review of the submissions by the parties and for the reasons discussed in this Opinion, the Motion to Dismiss is granted in part and denied in part.

### I. BACKGROUND

### A. Factual Background

Unless otherwise noted, the facts in this section are taken from Plaintiff's

1

Complaint.

Plaintiff, Olivia Crocker ("Plaintiff"), is the wife of decedent Walter L. Crocker, Jr., and the Administratrix of his Estate. Combined is an insurance company that offers insurance products in the Commonwealth of Pennsylvania. Aon is the parent company of Combined.

Prior to his death, Walter Crocker, Jr. ("Crocker") purchased an Accident and Sickness Policy from Combined which provided for payments to be made to the holder of such policy when he was hospitalized and/or unable to work, as well as provided for the payment of the sum of $40,000 in the event of his accidental death. According to a purported copy of the application for insurance attached as Exhibit A to Defendants' Memorandum of Law in Support of Motion to Dismiss, Crocker designated Walter Crocker III, his son, as the beneficiary under the policy.[1]

On or about September 15, 2004, Crocker suffered an accidental injury to his left knee. On or about September 17, 2004, Crocker sought medical attention for his injury and was subsequently hospitalized from September 20, 2004 through October 31, 2004. As a result of the injuries he sustained on or about September 15, 2004, Crocker's condition continued to decline, ultimately resulting in his death on October 31, 2004. Crocker was unable to work from September 17, 2004 through October 31, 2004.

After Crocker's death, Plaintiff was appointed Administratrix of his Estate and

---

[1] Defendants contend, and Plaintiff does not dispute, that it is proper for me to consider the application attached as Exhibit A because it is an undisputedly authentic document submitted by Defendants relating to Plaintiff's claims. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

subsequently filed an application for the payment of proceeds due the Estate and any named beneficiary under the terms and conditions of the Combined insurance policy. Despite the submission of such claim form and supporting documentation, however, Defendants failed to make any payments under the policy in question.

## B. Procedural History

Plaintiff brought this action against Defendants in the Court of Common Pleas of Allegheny County through Writ of Summons issued on or about October 18, 2006. Pursuant to a Rule to Show Cause, Plaintiff filed her Complaint on or about June 25, 2007. (Docket No. 1). On July 12, 2007, Defendants removed the case to this court based on diversity of citizenship. Id. Plaintiff's Complaint sets forth counts for breach of contract, bad faith, and fraud against both Combined (Counts I, II, III) and Aon (Counts IV, V, VI). Id.

Defendants filed a motion to dismiss Plaintiff's Complaint in its entirety for failure to state a claim against them and brief in support. (Docket Nos. 3, 4). Plaintiff filed a response and brief in opposition. (Docket No. 11, 12). The issues are now ripe for my review.

## II. LEGAL ANALYSIS

## A. Standard of Review

In ruling on a 12(b)(6) motion for failure to state a claim, I must look to whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007); see also Fed. R.

3

Civ. P. 8(a)(2); Haspel v. State Farm Mut. Auto. Ins. Co., No. 06-3716, 2007 WL 2030272, at *1 (3d Cir. July 16, 2007) (quoting Twombly). In so doing, I must accept all factual allegations, and all reasonable inferences therefrom, as true and view them in the light most favorable to the plaintiff. Although a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). "The issue is not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Lake v. Arnold, 112 F.3d 682, 688 (3d Cir. 1997); see also Twombly, 127 S. Ct. at 1965.

When ruling upon a 12(b)(6) motion, I generally may consider only the allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and items appearing in the record of the case. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1195 (3d Cir. 1993). I also may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the

document. Id. at 1196. Other matters outside the pleadings should not be considered.

With this standard in mind, I turn now to the issues of this case.

## B. **Motion to Dismiss**

### 1. **Defendant Aon**

Defendants argue that Plaintiff's claims against Defendant Aon must be dismissed because, inter alia, the Complaint fails to set forth any allegations that would render Aon liable to the Estate. Defs.' Br. at 5-6. In her Response, Plaintiff agrees that dismissal of Aon is appropriate. Pl.'s Resp. at 3. Accordingly, Defendants' Motion to Dismiss is granted to the extent it seeks to dismiss Plaintiff's claims against Defendant Aon (Counts IV, V, and VI of Plaintiff's Complaint).

### 2. **Plaintiff's Standing**

Defendants argue that Plaintiff's claims must be dismissed because the Estate is not the named beneficiary of the policy at issue and, therefore, Plaintiff does not have standing to bring an action for benefits under that policy. This portion of Defendants' motion is granted in part and denied in part.

Defendants are correct that, as a general matter, "[t]he proceeds of an insurance policy naming a third person as beneficiary belong exclusively to that person as an individual, and do not constitute part of the insured's estate." Estate of Myers, 544 A.2d 506, 508-09 (Pa. Super. Ct. 1988); see also Appleman on Insurance Law and Practice § 771 (1st ed.). In her response brief, Plaintiff does not dispute that Crocker's minor son, Walter Crocker III, is the named beneficiary with respect to the

5

lump sum payment (allegedly $40,000) due under the policy in the event of Crocker's accidental death. Pl.'s Br. at 3. Plaintiff has not cited to any case law or other authority suggesting that the Estate has standing to pursue a claim for such benefits, either on its own or the beneficiary's behalf. Thus, with respect to this portion of the policy, I agree that the Estate lacks standing to pursue a claim for benefits thereunder. Accordingly, Defendants' motion to dismiss Plaintiff's claims against Combined is granted to this extent.[2]

Plaintiff also argues, however, that, in addition to the $40,000 accidental death benefit, the policy provided for certain other payments to be made to Crocker in the event of Crocker's hospitalization and/or inability to work. Complaint ¶ 5. Plaintiff contends that these payments were due to Crocker at the time of his death and belong to the Estate as opposed to the named beneficiary. Pl.'s Br. at 6. Alternatively, Plaintiff avers that Combined represented to Crocker that such payments would be made and that Crocker purchased the policy based upon such representations. Id.; see also Complaint ¶¶ 25-32.

Neither party cites any case law directly addressing this issue, nor has anyone attached a copy of the terms of the actual insurance policy. Thus, I have no way of

---

[2] Plaintiff argues that I nevertheless should not dismiss her claims because her interest and that of the child "share a commonality of interests which provides the necessary standing." Pl.'s Br. at 6. She further argues that her actions on behalf of the minor "are in essence as a Guardian Ad Litem for the minor." Id. Plaintiff does not offer any citations or legal authority in support of these contentions. Moreover, the caption and body of the Complaint indicate that Plaintiff has brought these claims solely in her capacity as Administratrix of Crocker's Estate. Although Plaintiff informally requests in her brief that I appoint a Guardian Ad Litem to act on behalf of the minor beneficiary and allow substitution of such Guardian as plaintiff, there is no motion in that regard currently before me, nor do I have the benefit of Defendants' position on this issue.

knowing what, if anything, the policy provides in this regard.[3] Accordingly, I must presume for purposes of ruling on Defendants' motion that Plaintiff's allegations are true and that the policy does provide for such additional payments (or was represented as providing such) and that the payments belonged at all times to Crocker and/or his Estate and not to the beneficiary of the lump sum accidental death payment. Although the evidence later may disprove such allegations, it would be premature for me to make such a ruling at this juncture. Thus, Defendants' Motion to Dismiss on this issue is denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) is granted in part and denied in part. An appropriate Order follows.

### ORDER OF COURT

And now, this 16th day of August, 2007, after careful consideration and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 3) is granted in part and denied in part as set forth in the Opinion accompanying this Order. It is further ordered that Counts IV, V, and VI of Plaintiff's Complaint against Defendant Aon Corporation are hereby dismissed with prejudice and that Aon Corporation is hereby dismissed as a party to this action.

Defendant Combined Insurance Company of America is ordered to respond

---

[3] Defendants refer often to a "Certificate of Insurance" which they claim to have attached as Exhibit A to their Brief. To the extent this alleged "Certificate of Insurance" differs from the Application for Insurance attached as Exhibit A, such Certificate was not attached to the copy of the brief Defendants filed with this Court.

to the remaining counts of Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

*Loretta F. Ambrose*